UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| INMATE CHRISTOPHER A. JONES, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WARDEN E. K. McDANIEL, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ / | 3:08-cv-00537-LRH-VPC <br><br> <u>ORDER</u> |

Plaintiff, an inmate at Nevada State Prison, originally filed this civil rights action in state court. Defendants removed the action to this court on October 2, 2008 (Docket # 1). Pending before the court are plaintiff's motion for summary judgment filed July 28, 2009 (Docket #17), plaintiff's motion for sanctions filed November 4, 2009 (Docket #42), plaintiff's objections to magistrate judge order filed November 20, 2009 (Docket #51), plaintiff's motion for reconsideration filed January 15, 2010 (Docket #61), and the court's order to show cause issued January 5, 2010 (Docket #60).

**BACKGROUND**[1]

On April 22, 2002, Sergeant Gilbert Cunningham charged plaintiff with violating Nevada Code of Penal Discipline regulations M-7 (unauthorized use of institutional supplies, tools, equipment or machinery), G-14 (failure to follow posted rules and regulations), MJ-29 (charging or collecting a fee as a writ writer), MJ-31 (unauthorized use of phone or mail), MJ-36 (attempt or

---

[1] This background information is taken from the order filed May 8, 2008, in *Jones v. McDaniel*, 3:04-cv-0524-ECR-RAM.

conspiracy to commit a major violation), and G-20 (preparing, soliciting, or giving false or misleading information to or about a staff member and representing the statement as fact). The notice of charges was served on April 24, 2002. After a hearing on May 16, 2002, the M-7 and MJ-36 charges were dismissed. Petitioner was found guilty on all other charges. Petitioner was sanctioned with the following: (1) 180 days of administrative segregation; (2) loss of telephone privileges for 30 days; (3) loss of canteen privileges; and (4) referral for loss of 59 days of statutory good time. Petitioner appealed the sanctions to the Warden, who denied the appeal on June 13, 2002.

On May 8, 2002, Officer Arthur Boynton charged plaintiff with violating regulations G-9 (abusive language or actions toward another person), MJ-25 (threats: issuing a threat, either verbally, by gesture, or in a written statement to or about any person), and MJ-31 (the unauthorized use of telephone or mail). After a hearing, also held on May 16, 2002, the G-9 charge was dismissed and plaintiff was found guilty on the other two charges. Petitioner was sanctioned with the following: (1) 180 days of administrative segregation; (2) 30 days of loss of telephone privileges; (3) 30 days of loss of canteen privileges; and (4) referral for loss of 30 days of statutory good time. Petitioner again appealed to the Warden, who denied the appeal on June 14, 2002.

On September 26, 2002, plaintiff filed a petition for writ of habeas corpus in Nevada District Court. The Nevada District Judge denied the petition on December 4, 2003. Petitioner appealed and the Nevada Supreme Court affirmed the denial on August 23, 2004.

On September 22, 2004, petitioner filed a petition for writ of habeas corpus in this court. *Jones v. McDaniel*, 3:04-cv-0524-ECR-RAM. In that petition, petitioner raised the following contentions:

(1) the state trial court violated due process and abused its discretion by upholding a double standard, allowing untimely filings on the part of the respondents;

(2) the state trial court violated due process and abused its discretion by declining to strike exhibits that were not a part of the administrative record;

(3) the state trial court was biased;

(4) the documents on which the administrative discipline was based were illegally obtained,

2


depriving plaintiff of due process;

(5) the notice procedures for the disciplinary hearings were inadequate, depriving plaintiff of due process;

(6) the disciplinary hearing procedures were inadequate, depriving plaintiff of due process;

(7) plaintiff's conviction was not based on "some evidence."

This court entered an order granting in part and denying in part the petition for writ of habeas corpus on May 8, 2008. *Jones v. McDaniel,* 3:04-cv-00524-ECR-RAM, Docket #54. In that order, the court analyzed the due process requirements in prison disciplinary hearings under *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), and *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The court concluded that the only disciplinary sanction that was at issue in the case was plaintiff's loss of statutory good time.

The charges against plaintiff dated May 8, 2002, were heard at a disciplinary hearing scheduled for 10:15 a.m. on May 16, 2002. In this court's order of May 8, 2008, resolving plaintiff's habeas petition, the court refers to this hearing as "the first hearing." After analyzing petitioner's claims related to that hearing the court concluded that none were meritorious. *Jones v. McDaniel,* 3:04-cv-00524-ECR-RAM, Docket #54 at 15.

The charges against plaintiff set forth in the notice of charges served on April 24, 2002, were heard at a disciplinary hearing scheduled for 10:30 a.m. on May 16, 2002. In this court's order of May 8, 2008, resolving plaintiff's habeas petition, the court refers to this hearing as "the second hearing." After analyzing the events at that hearing, this court concluded that there was no evidence in the record supporting plaintiff's conviction for violation of MJ-29. *Jones v. McDaniel,* 3:04-cv-00524-ECR-RAM, Docket #54 at 10. The court also concluded that with respect to the violations of G-14 and G-20, the court could only guess as to why plaintiff was convicted of those charges. *See*, *Hill*, 472 U.S. at 454 (requiring, in part, a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action). *Jones v. McDaniel,* 3:04-cv-00524-ECR-RAM, Docket #54 at 11. The court thus held that in respect to the second hearing, the respondents must either hold a new hearing or reinstate plaintiff's statutory time. *Id.* at 13. The court further found that grounds 1 through 5 of the first amended petition were not meritorious and that grounds 6 and 7

were meritorious only to the extent found in the order.  *Id.*  Judgment was entered in plaintiff's habeas corpus case on May 9, 2008.

### PROCEDURAL HISTORY OF THIS CASE

Plaintiff filed the present civil rights action in state court and defendants removed it to this court on October 2, 2008.  Plaintiff filed an amended complaint November 21, 2008.  (Docket #8.)  On July 14, 2009, the court entered an order dismissing claim three of the amended complaint for failure to state a claim, and ordering defendants to file an answer or other response to the amended complaint.  (Docket #14.)  On July 28, 2009, plaintiff filed a motion for the court to reconsider its order of July 14, 2009, dismissing claim three.  (Docket #16.)   The court denied that motion on January 5, 2010.  (Docket #60.)

On July 28, 2009, plaintiff filed the motion for summary judgment now pending before the court.  (Docket #17.)  On August 10, 2009, an order was entered scheduling an inmate early mediation conference in this case for September 22, 2009.  (Docket #18.)  On August 24, 2009, the court entered an order granting defendants until September 30, 2009, to file their opposition to plaintiff's motion for summary judgment.  (Docket #25.)  On September 22, 2009, the court entered an order stating that an early mediation conference had been held and that a settlement was not reached.  (Docket #30.)  On September 30, 2009, defendants filed a response to plaintiff's motion for summary judgment.  (Docket #31.)  In that response, defendants sought a stay of plaintiff's motion until after thirty days after the close of discovery.  On October 9, 2009, defendants filed an answer to the amended complaint.  (Docket #33.)  On November 4, 2009, plaintiff filed a reply to defendants' response to his motion for summary judgment, styling it as an opposition to defendant's motion for a stay.  (Docket #41.)

Also on November 4, 2009, plaintiff filed his motion for sanctions for violations of Rule 11(b), Federal Rules of Civil Procedure, now pending before the court.  (Docket #42.)  Defendants filed a response to the motion for sanctions on November 16, 2009.  (Docket #50.)  On December 18, 2009, the Magistrate Judge entered an order granting plaintiff an extension of time until fourteen days after the court's ruling on his objections to the Magistrate Judge's Order (Docket #51) to file his reply.  (Docket #59.)

4

1  On November 20, 2009, plaintiff filed his currently pending objections to magistrate judge
2  order. (Docket #51.) Defendants filed their response to that motion on December 4, 2009. (Docket
3  #56.)
4  On January 5, 2010, the court entered an order to show cause. (Docket #60.) The parties
5  have now responded to that order. (Docket #62, #64, #66, #67.) ) On January 15, 2010, plaintiff
6  filed the motion for reconsideration now pending before the court. (Docket #61.) Defendants filed
7  their response to that motion on January 27, 2010 (Docket #63), and plaintiff filed his reply on
8  February 17, 2010 (Docket #65.)

9  **Order to Show Cause**

10  On January 5, 2010, the court issued an order to show cause why this action should not be
11  dismissed as barred by the statute of limitations. (Docket #60.) Plaintiff filed a response to the
12  court's order on January 19, 2010 (Docket #62), defendants filed a response on February 1, 2010
13  (Docket #64) , and plaintiff filed a reply on February 27, 2010 (Docket #66). Plaintiff filed a notice
14  of supplemental authority on February 19, 2010. (Docket #67.) The court has reviewed the
15  arguments of the parties.
16  Congress has provided no specific statute of limitations for section 1983 actions. Instead,
17  state statutes of limitations apply in section 1983 cases unless the state laws are inconsistent with
18  federal law. 42 U.S.C. § 1988. The Supreme Court has held that for purposes of selecting a statute
19  of limitations, section 1983 actions are best characterized as personal injury actions. *Wilson v.*
20  *Garcia*, 471 U.S. 261 (1985). The applicable statute of limitations for 1983 actions brought in
21  Nevada is two years. NRS 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989), *cert,*
22  *denied,* 493 U.S. 860 (1989). Federal law determines when a cause of action accrues; a federal
23  claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the
24  action. *Bagley v. CMC Real Estate Corp*., 923 F.2d 758, 760 (9th Cir. 1991).
25  In the instant case, plaintiff brings this action against correctional staff members, alleging that
26  he was deprived of his constitutional rights based on the adjudication of prison disciplinary rule
27  violation charges. All of plaintiff's claims in the present action relate to what was referred to as "the
28  second hearing" in *Jones v. McDaniel*, 3:04-cv-0524-ECR-RAM.

Pursuant to the rule announced in *Edwards v. Balisok*, 520 U.S. 641 (1997), a claim challenging the procedural aspects of a prison disciplinary hearing is not cognizable under section 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the fact or length of plaintiff's confinement, unless the prisoner can demonstrate that the result of the disciplinary hearing has been previously invalidated. *See also Ramirez v. Galaza*, 334 F.3d 850, 852 (9th Cir. 2003). Plaintiff's allegations, if proven, would necessarily imply the invalidity of a disciplinary action that affects the length of his confinement. Therefore plaintiff's claim is not cognizable under § 1983 absent a demonstration that the prison disciplinary proceedings were previously invalidated or set aside. *Id.*

As set forth above, plaintiff brought habeas corpus petitions in both Nevada State Court and this court, challenging the outcome of the same disciplinary hearing at issue in the present case. In *Jones v. McDaniel*, 3:04-cv-0524-ECR-RAM, this court invalidated the loss of statutory good time imposed on plaintiff in the second hearing. Thus, the court finds that plaintiff has complied with the requirements of *Balisok* in regard to the claims in the present civil rights action, all of which are based on second hearing. The Supreme Court has held that a section 1983 civil rights claim which implicates the validity of a conviction or sentence does not accrue until that conviction or sentence is "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994). Thus, the claims in the present civil rights action did not accrue, and the statute of limitations did not start running, until the court entered judgment in *Jones v. McDaniel*, 3:04-cv-0524-ECR-RAM, on May 9, 2008. Plaintiff originally filed the present action in Nevada District Court and defendants removed it to this court on October 2, 2008, well within the two year statute of limitations. The court therefore concludes that this action is not barred by the statute of limitations

The order to show cause (Docket #60) shall be discharged.

**Motion for Reconsideration**

In its order of July 14, 2009 (Docket #14), the court, *inter alia*, dismissed plaintiff's third count with prejudice. Plaintiff moved for reconsideration on July 28, 2009 (Docket #16), which this court denied on January 5, 2010 (Docket #60). On January 15, 2010, plaintiff filed a motion for

6

reconsideration of this court's order of January 5, 2010 (Docket #61). Defendants oppose plaintiff's motion. (Docket #63). Plaintiff filed a reply on February 17, 2010. (Docket #65.)

In his motion for reconsideration, plaintiff first speculates that in denying his earlier motion for reconsideration (Docket #16), this court failed to consider the arguments he raised in his reply (Docket #45). Plaintiff bases this speculation on two arguments. First, he argues that in describing the status of the motion, *i.e.*, that plaintiff had filed a motion and that defendants opposed it, the court did not mention that plaintiff had filed a reply. Contrary to plaintiff's assertion, the court did not indicate that it was giving a complete procedural history of the motion. The court is under no obligation to list, discuss or acknowledge any specific filings in the pleading before it, and the fact that the court did not list a particular pleading does not indicate that it did not consider that pleading. The court therefore rejects plaintiff's first argument as meritless.

Plaintiff's second argument in support of his claim that the court failed to consider the arguments he raised in his earlier reply is that he cited a case therein which entitled him to a ruling in his favor. Plaintiff relies on *Barone v. Hatcher*, 984 F.Supp. 1304-07 (D.Nev. 1997), and in doing so, inaccurately describes the holding in the case. In *Barone*, the plaintiff challenged the outcome of a prison disciplinary hearing, alleging in part a supervisory liability claim based on a deprivation of due process. The court determined that the plaintiff's request to speak to the warden following the hearing did not raise a genuine issue of material fact regarding supervisory liability, because there was no evidence that the warden ever knew of the request or even of the disciplinary appeal. *Id*. at 1307. Plaintiff argues that the court in *Barone* "infers" that had such evidence existed, supervisory liability would lie or raise a genuine issue of material fact. No such inference is made by the court in *Barone.* As defendants argue, noting the nonexistence of evidence does not imply that if such evidence existed there would be an actionable claim for relief.

Plaintiff's arguments were previously considered and rejected by this court. Plaintiff has presented no basis for reconsideration and his motion will be denied.

**Objections to Magistrate Judge Order**

On November 20, 2009, plaintiff objections pursuant to FRCP 72(a) to the Magistrate Judge's order of November 6, 2009, relating to plaintiff's motion for summary judgment pending

7

1  before this court.  (Docket #51.)   Defendants oppose the objections.

2       On July 28, 2009, plaintiff filed a motion for summary judgment.  (Docket #17.)   On August
3  14, 2009, defendants filed a motion for an extension of time to respond to plaintiff's motion until
4  after the early mediation conference set for September 22, 2009.  (Docket #20.)   On August 24,
5  2009, the Magistrate Judge entered an order granting defendants an extension of time until
6  September 30, 2009, to file their response to plaintiff's motion for summary judgment.  (Docket
7  #25.)

8       On September 30, 2009, defendants filed their response to plaintiff's motion for summary
9  judgment.  (Docket #31.)  In that response, defendants moved for denial of the motion without
10 prejudice, or a stay pursuant to Rule 56(f), Federal Rules of Civil Procedure, until thirty days after
11 the close of discovery.   On October 9, 2009, plaintiff filed a motion for an extension of time to
12 respond (Docket #35), which the court granted on November 6, 2009 (Docket #47).   Plaintiff filed
13 his opposition to defendants' motion for a stay on November 4, 2009 (#41).  On November 6, 2009,
14 the Magistrate Judge entered an order holding in part as follows:

15 > Defendants' motion to stay plaintiff's motion for summary judgment until the close of discovery is **GRANTED in part**.  The court will consider a scheduling order and the
16 > date upon which the defendants shall oppose plaintiff's motion after the District Court enters its order on the motion for reconsideration.  (#16).
17

18 (Docket #47.)   Plaintiff now objects to this portion of the Magistrate Judge's order, arguing, *inter*
19 *alia*,  that: 1) the decision in his earlier habeas corpus case has a preclusive effect on the present
20 case, entitling him to summary judgment; 2) that defendants are not entitled to a stay and have not
21 met the legal standard for a stay; and 3) the outcome of his motion for reconsideration (#16) has no
22 effect on the motion for reconsideration.

23       The court has considered plaintiff's arguments and finds them to be without merit.  The court
24 has discretion to manage its own docket and the Magistrate Judge was well within her discretion to
25 stay the motion for summary judgment until after this court ruled on the motion for reconsideration.
26 Plaintiff has failed to carry his burden under Rule72(a), Federal Rules of Civil Procedure, of
27 demonstrating that the magistrate judge's ruling was clearly erroneous or contrary to law.  Plaintiff's
28 objections to the Magistrate Judge's order will be denied.

8

**Motion for Sanctions**

On November 4, 2009, plaintiff filed a motion for sanctions for violations of Rule 11(b), Federal Rules of Civil Procedure. (Docket #42.) In that motion, plaintiff contends that defendants have violated Rule 11 by seeking a stay to conduct discovery rather than responding to his pending motion for summary judgment. As a sanction, plaintiff asks this court to grant his motion for summary judgment before defendants have responded to that motion. Defendants filed a response to the motion for sanctions on November 16, 2009. (Docket #50.) On November 30, 2009, the Magistrate Judge entered an order granting plaintiff an extension of time until December 14, 2009, to file his reply. (Docket #55.) On December 18, 2009, the Magistrate Judge entered an order granting plaintiff until 14 days after this court rules on his objections to magistrate order (Docket #51) to file his reply. The court rules on those objections in the present order. Thus, plaintiff's reply is due 14 days from the entry of this order and the motion for sanctions remains pending.

**Motion for Summary Judgment**

As set forth above, plaintiff filed a motion for summary judgment on July 28, 2009 (Docket #17), to which defendants filed their response on September 30, 2009 (Docket #31). In that response, defendants moved for denial of the motion without prejudice, or a stay pursuant to Rule 56(f), until thirty days after the close of discovery. Plaintiff filed his opposition to defendants' motion for a stay on November 4, 2009 (#41). On November 6, 2009, the Magistrate Judge entered an order partially granting defendants' motion, stating that she would consider a scheduling order and the date for the filing of an opposition after this court entered its order on the motion for reconsideration found at Docket #16. (Docket #47.) This court rules on the motion for reconsideration in the present order. The court will therefore refer this case back to the Magistrate Judge for entry of a scheduling order, allowing discovery to the extent that she finds warranted. Plaintiff's motion for summary judgment will be denied without prejudice to plaintiff's right to refile the motion in compliance with the scheduling order.

**IT IS THEREFORE ORDERED** that the order to show cause (Docket #60) is **DISCHARGED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration (Docket #61) is

9

**DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's objections to magistrate judge's order (Docket #51) are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's reply to defendants' response to his motion for sanctions (Docket #42) is **DUE** fourteen days from the entry of this order.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment (Docket #17) is **DENIED** without prejudice to plaintiff's right to refile the motion in compliance with the scheduling order to be entered in this case.

**IT IS FURTHER ORDERED** that this case is referred back to the Magistrate Judge for entry of a scheduling order.

DATED this 3rd day of March, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE