UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRISTOPHER JONES,            )
                                              )       3:08-cv-0537-LRH-VPC
      Plaintiff,        )
                                              )
   v.                     )      **ORDER**
                                              )
E.K. MCDANIEL, *et al.*,      )
                                              )
      Defendants.   )      July 29, 2010

       This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). On June 15, 2010, the court entered judgment in favor of plaintiff (#86), after he accepted defendants' offer of judgment (#84) pursuant to Rule 68 of the Federal Rules of Civil Procedure.

       Before the court is Christopher Jones's ("plaintiff") motion for pre- and postjudgment interest (#87). Defendants opposed (#89) and plaintiff replied (#95). For the reasons stated below, plaintiff's motion for pre- and postjudgment interest is granted in part and denied in part.

## I. HISTORY & PROCEDURAL BACKGROUND

       Plaintiff, a *pro se* prisoner incarcerated at Ely State Prison ("ESP"), filed this action pursuant to 42 U.S.C. § 1983 (#8). Plaintiff claimed that defendants violated his due process rights in a disciplinary hearing that resulted in one hundred-eighty days in administrative segregation and referral for loss of fifty-nine days of statutory good behavior time. *Id*. On June 7, 2010, plaintiff accepted defendants' offer of judgment in the amount of $9,101.00, excluding "all costs, attorney fees, or accrued interest" (#84). Defendants stated in their offer that they did not admit liability, fault, or that plaintiff has suffered any injury, harm, or damage. *Id*. The clerk entered judgment against defendants on June 15, 2010 (#86). Plaintiff subsequently filed the instant motion for pre- and postjudgment interest pursuant to 28 U.S.C. § 1961(a) on June 18, 2010 (#87).

## II. DISCUSSION & ANALYSIS

**A.   Prejudgment Interest**

The first issue is whether plaintiff's acceptance of defendants' offer of judgment is more aptly characterized as a settlement or a judgment. Plaintiff argues that an offer of judgment is a monetary judgment contemplated by § 1961, which entitles him to pre- and postjudgment interest (#87, pp. 2-3). Plaintiff further claims that he is entitled to interest because defendants excluded calculations of pre and postjudgment interest from the lump sum in the offer of judgment. *Id.* at 7.

Defendants contend that an offer of judgment is distinct from a judgment obtained after trial on the merits (#89, p. 2). Defendants argue that an offer of judgment is designed as a settlement; thus, there is no finding of fault or injury on which to base an award of prejudgment interest. *Id*. Defendants also maintain that the offer of judgment more than compensates plaintiff for the alleged due process violations by compensating plaintiff with more than $50.00 for each day plaintiff spent in disciplinary segregation. *Id*. at 3. Therefore, plaintiff does not require prejudgment interest to make him whole. *Id.* at 2-3.

Parties are permitted to serve on an opposing party an offer to allow judgment on specified terms. Fed. R. Civ. P. 68. Offers of judgment pursuant to Rule 68 are viewed as "consent judgments." *See Blair v. Shanahan*, 38 F.3d 1514, 1516 (9th Cir. 1994) (review of district court's refusal to vacate "consent judgment" entered pursuant to Rule 68); *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 527 (10th Cir. 1992). Here, the parties have agreed to such a judgment. Plaintiff agreed to receive a judgment of $9,101.00 on the condition that defendants did not admit liability, fault, or that plaintiff suffered any injury, harm, or damage (#84 at p. 3). As defendants noted,[1] they could have opted for dismissal of the action by payment of the amount in their offer of judgment in a reasonable amount of time. However, defendants did not make the payment and the clerk entered judgment against them on June 15, 2010 (#86). Therefore, the court concludes that the acceptance of the offer of judgment constitutes a judgment.

Next, the court addresses prejudgment interest on the judgment. The issue of prejudgment

---

[1] "Furthermore, if this judgment is paid within a reasonable period of time the offering parties may opt to obtain a dismissal of the claim rather than a judgment" (#84 at p. 4).

1 interest awards on offers of judgment pursuant to Rule 68 has not been addressed in this circuit. As 2 defendants have noted, other courts have refused to award prejudgment interest on offers of 3 judgment, which did not exclude interest from the proposed sum. *See Mock*, 971 F.2d at 527 ("We 4 hold that a Rule 68 consent judgment for a sum certain must, absent indication otherwise, be deemed 5 to include prejudgment interest. To hold otherwise would undermine the purpose of Rule 68."); 6 *Henderson v. Horace Mann Ins. Co.*, No. 03-cv-0526, 2006 WL 1878897, at *4 (N.D. Okla. July 7 6, 2006) (plaintiffs not entitled to additional prejudgment interest when it was included in the Rule 8 68 offer). To determine whether interest is included in the sum, the usual rules of contract 9 construction apply to Rule 68 offers of judgment, and any ambiguities are construed against the 10 offeror. *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833 (9th Cir. 1997). Unlike *Mock*, in this 11 case, plaintiff's judgment excluded any costs, attorneys' fees, or accrued interest from the proposed 12 sum in their offer of judgment. Since defendants excluded these calculations, it appears that plaintiff 13 is entitled to prejudgment interest.

14 However, awards of prejudgment interest in cases under federal law are left to the discretion 15 of the trial court. *In re Acequia, Inc.*, 34 F.3d 800, 818 (9th Cir. 1994). Furthermore, "awards of 16 prejudgment interest are governed by considerations of fairness and are awarded when it is necessary 17 to make the wronged party whole." *Id*.

18 Here, the court must exercise its discretion and determine whether the considerations of 19 fairness and necessity to make the plaintiff whole require an award of prejudgment interest. In this 20 case plaintiff received $9,101.00, more than 91% of his requested relief. Furthermore, plaintiff 21 agreed to defendants' condition denying that plaintiff suffered any injury, harm, or damage. Because 22 the parties agreed that there is no harm to compensate, the $9,101.00 provided to plaintiff is fair and 23 more than adequate to make plaintiff whole. The underlying policies of prejudgment interest are not 24 served by such an award in this case. Therefore, the court need not award prejudgment interest.

25 For the foregoing reasons, plaintiff's motion is denied as to prejudgment interest.

26 **B.     Postjudgment Interest**

27 Plaintiff also seeks postjudgment interest, but defendants request that no postjudgment 28 interest be awarded, as they will release the settlement funds as soon as the parties can agree on an

3

amount for plaintiff's costs (#89, p. 5).

As discussed above, plaintiff's acceptance of defendants' offer of judgment constituted a judgment. "The purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 836-37 (1990). "Under the provisions of 28 U.S.C. § 1961, postjudgment interest on a district court judgment is mandatory." *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995). The defendant whose conduct invoked the judicial process and who has had the use of the money judgment through the period of delay should bear the cost of loss of use of the judgment by the plaintiff. *Id*. Other courts have awarded postjudgment interest on offers of judgment pursuant to Rule 68. *See Swallow v. Toll Bros., Inc.*, No. C-08-02311, 2009 WL 513486, at *9 (N.D. Cal. Mar. 2, 2009) ("As the Rule 68 offer contains no waiver of Plaintiff's right to postjudgment interest, Plaintiff is entitled to recover post-judgment interest as set forth in § 1961); *see also Oates v. Oates*, 866 F.2d 203, 208-09 (6th Cir. 1989).

In this case, plaintiff has been deprived of the compensation awarded in the consent judgment. Pursuant to 28 U.S.C. § 1961, the postjudgment interest rate is calculated at a rate equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve system, for the week preceding.[2] The court's research reveals that the average one-year constant maturity Treasury yield for the week preceding entry of judgment (June 7-11, 2010) was .33% per annum.[3] Therefore, defendants shall pay plaintiff $0.08 for each day since the entry of judgment until final payment is made to the plaintiff.

For the foregoing reasons, plaintiff's motion is granted as to postjudgment interest.

---

[2] Under 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . [s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve system, for the week preceding."

[3] Fed. Reserve, *Selected Interest Rates*, available at http://www.federalreserve.gov/releases/h15/data.htm (follow "Weekly (Friday) hyperlink under 1-year Treasury constant maturities).

### III. CONCLUSION

The notions of fairness and full compensation do not compel the court to award prejudgment interest in this case. However, the court takes into account the time between the entry of judgment and payment to the defendant and awards mandatory postjudgment interest at the rate of $0.08 per day until payment is fulfilled.

Plaintiff's motion for pre- and postjudgment interest is **GRANTED IN PART AND DENIED IN PART.**

**IT IS ORDERED** that defendants will pay postjudgment interest to plaintiff of $0.08 per day from the entry of judgment until payment is made in full.

DATED: July 29, 2010

*Valerie P. Cooke*

**UNITED STATES MAGISTRATE JUDGE**