# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTOPHER A. JONES            )
                                )
    Plaintiff,                 )   3:08-cv-00537-LRH-VPC
  v.                            )
                                )   **ORDER**
E.K. McDaniel, *et al.*         )
                                )   September 22, 2010
    Defendants.                )
_____)

Before the court is plaintiff's bill of costs (#87-1) and plaintiff's emergency motion for order (#90). Defendants opposed (#94, #93, #97(errata)). Plaintiff also submitted several other motions: (1) motion to strike defendants' errata or in the alternative, surreply (#101), defendants opposed (#104) and plaintiff replied (#106); (2) motion for leave to supplement costs (#102), defendants opposed (#105) and plaintiff replied (#106 ); and (3) motion for sanctions (#103), defendants opposed (#107) and plaintiff replied (#109). The court has thoroughly reviewed the motions and finds that plaintiff's bill of costs (#87-1) should be granted in part and denied in part and that plaintiff's emergency motion for order (#90) be denied. Plaintiff's motion to strike defendants' errata (#101), motion to supplement costs (#102), and motion for sanctions (#103) are denied.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Christopher A. Jones ("plaintiff") is currently incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC"). He originally filed suit in this action in state court, and defendants removed the case in October 2008 (#1). Plaintiff alleged that defendants violated his due process rights by virtue of an unconstitutional disciplinary hearing. *Id.* The facts of the case are known to the parties, and the court need not recite them here.

On June 7, 2010, plaintiff accepted defendants' offer of judgment in the amount of $9,101.00. Shortly after his acceptance of defendants' offer, plaintiff submitted a motion for pre- and post-

judgment interest on the judgment (#87).[1] Plaintiff's bill of costs was not docketed as a stand-alone entry, but rather as an attachment to the motion for pre- and post-judgment interest. *See* #87 (motion), #87-1 (Bill of Costs).[2] On July 1, 2010, defendants opposed plaintiff's motion for pre- and post-judgment. In their opposition, they made no reference to the attached bill of costs. A few days later, plaintiff inquired of the court clerk why the bill of costs was marked "received" but not "filed" (#91). On July 9, 2010, plaintiff filed a "notice of improper handling of plaintiff's bill of costs and defendants' waiving of opposition thereto" (#92). On July 23, 2010, fourteen days after the filing of the notice, defendants filed their objections to plaintiff's bill of costs (#94, #97 (errata)).

On July 6, 2010, plaintiff filed the instant motion for an order requiring defendants to deposit the funds in his Trust 2 account. Defendants have informed plaintiff that they will not deposit the proceeds from the lawsuit in plaintiff's Trust 2 account. They claim that receipt of funds in an inmate's Trust 2 account is only available pursuant to a negotiated settlement agreement, not an offer of judgment, and that no statute or regulation requires them to deposit the funds at issue in plaintiff's Trust 2 account.

On August 11, 2010, plaintiff filed two additional motions. First, he filed a motion to strike defendants' errata to the objection to the bill of costs (#101), arguing that defendants did not simply correct information in a previous filing but rather advanced new arguments. Second, plaintiff filed a motion for leave to supplement costs (#102), requesting time to obtain his August 2010 account statement in order to update his bill of costs to reflect postage charges for post-settlement motion practice. Finally, on August 20, 2010, plaintiff filed a motion for sanctions (#103), noting that he previously filed a safe harbor notice and stating that defendants wrongfully accused him of

---

[1] The court granted in part and denied in part plaintiff's motion (#96), ordering the payment of post-judgment interest but denying plaintiff's request for pre-judgment interest.

[2] The court takes a moment to explain the error. The court clerk is faced with numerous filings from prison litigants and normally performs the tasks with the utmost diligence and skill. In many instances, legal documents arriving from a prisoner in a maximum security facility (such as ESP) arrives without staples or paperclips. It is likely that plaintiff's motion and bill of costs were mailed in the same envelope and that upon opening the envelope, the clerk confronted numerous loose sheets of paper. Given that one of plaintiff's filings addressed pre- and post-judgement interest and the other addressed his costs, the clerk's construing one filing as an attachment to the other is an understandable error.

attempting to deceive the court by submitting a bill of costs inclusive of costs incurred in another suit.

## II. DISCUSSION & ANALYSIS

**A.     Discussion**

    **1.     Bill of costs**

"Costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); LR 54-1(a) ("[T]he prevailing party shall be entitled to reasonable costs."). "The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." *Id.* Local Rule 54-1(a) provides that "[t]he clerk shall tax the costs not later than fourteen (14) days after the filing of objections or when the time within which such objections may be filed has passed."

**B.     Analysis**

    **1.     Bill of costs**

Plaintiff first argues that defendants waived any objection to his bill of costs when defendants failed to object within fourteen days. The court disagrees. The likely reason defendants did not file objections was lack of notice regarding the bill of costs. This occurred because of the court's error, and such an error should not prejudice defendants' opportunity to respond. Fourteen days after plaintiff notified the court that the bill of costs was improperly handled, defendants objected. Any passage of time here was not so great as to prejudice plaintiff. To the extent that plaintiff's bill of costs has not been officially "filed" the court now deems the bill of costs (#87-1) filed and finds defendants' objection timely. The court now determines plaintiff's reasonable costs in the action.

Plaintiff submits a total bill of costs in the amount of $662.87 (#87-1). Defendants argue that (1) a portion of plaintiff's costs in the amount of $202.84 were incurred in another lawsuit, (2) $19.55 of costs are not properly identified, and (3) a $100 charge for legal research constitutes attorney's fees, not costs. Upon review of the bill of costs, the court agrees with defendants and finds that plaintiff is not entitled to $322.39 in costs.

First, defendants object to $202.84 in charges incurred for postage and copying costs from another lawsuit. In order to bring the instant lawsuit for violation of his civil rights pursuant to §1983, plaintiff was required to seek relief in a habeas action. He did so and was successful,

allowing him to proceed with his claim for damages in the present lawsuit. *See Jones v. McDaniel*, 3:04-cv-00524-ECR-RAM. Although both cases arise from the same occurrence, and the law requires that plaintiff seek relief in habeas prior to filing a §1983 suit, the court views the two cases as distinct and separate lawsuits. Plaintiff has had the opportunity to present a bill of costs associated with the litigation of his habeas case. Another court's refusal of costs does not mean that plaintiff can raise them a second time in subsequent litigation. The court finds that defendants have met their burden in showing that such costs do not arise from the present case. Therefore, the court denies plaintiff's costs for copying and postage in the amount of $202.84. *See* #94, Ex. A.

Second, defendants object to plaintiff's submission of three receipts, one for copy work in the amount of $12.00 and two for postage in the amount of $7.55. *Id.* Ex. C. Upon review of these items, the court agrees and finds that the receipts represent charges not resulting from this case. Two of the receipts are from 2004 and are labeled "2254" which likely points to the proceedings in plaintiffs' habeas case, and the other involves a postage charge from March 10, 2009. In this case, the only filing in the month of March 2009 was a notice of change of attorney submitted on behalf of the defendants. Therefore, the court finds that plaintiff has not adequately shown that these costs derive from the present litigation and denies costs in the amount of $19.55.

Third, defendants object to plaintiff's costs incurred for "legal research." Defendants maintain that these are fees and not properly included in the bill of costs. The court agrees and thus denies the $100 fee for legal research.

In sum, the court finds that defendants have demonstrated that $322.39 in costs should not be awarded. However, plaintiff has demonstrated by the receipts attached to his bill of costs that he is entitled to costs in the amount of $278.36.

**2.     Plaintiff's Emergency Motion for Order**

Plaintiff moves the court for an order to require defendants to place the proceeds of his judgment in his Trust 2 account. Plaintiff cites to the NDOC Administrative Regulation ("AR") 258 to underscore his point that monies from "monetary settlements" and "tort claims" belong in an inmate's Trust 2 account.

AR 258.01 governs the "Prisoners' Personal Property Fund" (#93, Ex. B). Pursuant to the

4

1  regulation, an inmate's personal property may be divided into any of three accounts: (1) a "Trust
2  Account," (2) a "Trust 2 Account," or (3) a "Savings Account." *Id.* Plaintiff argues that the AR
3  specifically refers to "monetary settlements" and "tort claims" as examples of funds belonging in
4  the Trust 2 account and that the common practice of the court is to require the NDOC to place such
5  proceeds in the Trust 2 account. Defendants argue that AR 258 does not require the placement of
6  funds received from a judgment be placed in plaintiff's Trust 2 account. In addition, defendants
7  question the authority of the court to direct the placement of funds to a specific account.

8         The court agrees with defendants' position. While it is commonplace for negotiated
9  settlements to be deposited to an inmate's Trust 2 account, the placement of such funds in the Trust
10 2 account is typically a provision of any settlement agreement. Plaintiff does not present proof of
11 any agreement mandating that payment of the proceeds be made to his Trust 2 account. As for the
12 regulation, the language in AR 258 suggests that "monetary settlements" and "tort claims" should
13 be directed to plaintiff's Trust 2 account. However, the court is not aware of any *statute* which
14 mandates the proceeds of a lawsuit be deposited in a Trust 2 account. *See Scott v. Angelone*, 771
15 F. Supp. 1064, 1066-67 (D. Nev. 1991) ("[A]n administrative agency acts without authority when
16 it promulgates a rule or regulation in contravention of the will of the legislature as expressed in the
17 statute, or a rule or regulation that exceeds the scope of the statutory grant of authority."). On the
18 contrary, Nevada Revised Statute § 209.241 orders the NDOC Director to deposit "money, . . .
19 valuables . . . or the like . . . earned during the incarceration of an offender" to the "Prisoners'
20 Personal Property Fund." The statute does not specify any particular method of deposit for tort
21 claims or monetary settlements. As for the deposits of other monies, the statutes are clear. *See* NRS
22 § 209.225 (requiring deposit of the "Offenders' Store Fund" with the State Treasurer); § 209.231
23 (money earned at conservation camp is to be deposited in a "Division of Forestry" account). The
24 court must assume that the legislature would have expressly set forth the placement of monetary
25 settlements and tort claims in a "Trust 2 account" if it intended to do so. *See Tellis v. Godinez*, 5
26 F.3d 1314, 1317 (9th Cir. 1993). Its failure to make a specific provision for an inmate's receipt of
27 funds means that, barring any agreement to the contrary, proceeds from a lawsuit are to be handled
28 like any other incoming funds. Here, defendants provide AR 258.01 § 3, which notes that "[all

1  money received on behalf of an inmate shall be deposited into the inmate's trust Account in the
2  [personal property fund]."
3  　　　Therefore, the court finds that plaintiff's funds are to be deposited in plaintiff's personal
4  property fund in the normal course of the prison's duties as set forth in the Nevada Revised Statutes
5  and corresponding regulations.

6  **3.    Plaintiff's Motion to Strike**

7  　　　Plaintiff moves to strike defendants' errata on the grounds that the document advances new
8  arguments as opposed to simply correcting erroneous information (#101). In the errata, defense
9  counsel noted that his objection to plaintiff's bill of costs contained an error (#97). In that filing,
10 defense counsel asserted that plaintiff had previously recovered certain costs in another lawsuit
11 (#94). Defense counsel corrected that assertion in his errata, noting that plaintiff had not been
12 awarded the costs (#97). Plaintiff argues that portions of the document go further, advancing new
13 arguments. The court finds that what plaintiff characterizes as novel arguments was defense
14 counsel's mere explanation of his error and clarification of his current position in light of the
15 admission of error. Therefore, the court denies plaintiff's motion to strike defendants' errata (#101).

16 **4.    Plaintiff's Motion for Leave to Supplement Costs**

17 　　　Plaintiff requests additional time to obtain his August account statement which he intends
18 to use to update his bill of costs to reflect postage charges for the instant motion practice (#102).
19 Defendants object stating that plaintiff had fourteen days to submit his bill of costs following entry
20 of the judgment on June 15, 2010, rendering his August 11, 2010 motion untimely (#105).
21 Additionally, defendants note that plaintiff's extensive motion practice should not be included in the
22 costs covered by the terms of the judgment, as the decision to file several motions is his choice. *Id.*
23 at 2. Under LR IA 3-1, the court may waive any rules to serve the interests of justice; therefore, the
24 court, in its discretion, could allow plaintiff to amend his bill of costs outside of the permitted time
25 period if it found such supplementation necessary. However, the court understands defendants'
26 second argument to suggest that plaintiff's motion practice is not a "reasonable cost" to which
27 plaintiff is entitled under LR 54-1(a). The court tends to agree with defendants' view. Plaintiff's
28 most recent round of motion practice does not seem necessary to achieve a fair outcome in this

6

1 litigation, but rather serves to increase the cost of litigating this case through excessive, frivolous
2 filings. Therefore, the court denies plaintiff's motion to supplement costs.

3      **5.    Plaintiff's Motion for Sanctions**

4 Plaintiff moves to sanction defendants based on their "grossly inaccurate and damaging
5 accusations . . . alleging the plaintiff is trying to recover costs already obtained in another matter"
6 (#103). Defendants note that their assertion was accurate–plaintiff did include receipts in his bill of
7 costs for expenses incurred during his habeas proceeding (#107). Defendants also argue that plaintiff
8 suffered no harm as they filed an errata to correct any misinformation provided to the court. *Id.*
9 Finally, defendants note that upon receipt of a safe harbor notice from plaintiff sometime after their
10 July 23, 2010 filing, they acted promptly to correct the record on August 4, 2010. Defendants
11 believe this timely response bars plaintiff's filing of the instant motion for sanctions under Federal
12 Rule of Civil Procedure 11(c)(2). *See* Fed. R. Civ. P. 11(c)(2) ("The motion [for sanctions] . . . must
13 not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial
14 is withdrawn or appropriately corrected within 21 days after service or within another time the court
15 sets.") The court agrees with defendants' arguments, noting that defendants corrected their filing
16 only twelve days later by filing an errata. The court, therefore, denies plaintiff's motion for
17 sanctions (#103).

18      **III. CONCLUSION**

19 Based on the foregoing and for good cause appearing, the court concludes that plaintiff's Bill
20 of Costs is **GRANTED** in part and **DENIED** in part. Plaintiff has met his burden in demonstrating
21 that he is entitled to $278.36 in costs. However, plaintiff has not shown that deposit of the funds into
22 his Trust 2 account is required.

23 **IT IS THEREFORE ORDERED** that plaintiff's bill of costs (#87-1) is deemed **FILED** and
24 that defendants response thereto (#94) is deemed timely **FILED**.

25 **IT IS FURTHER ORDERED** that plaintiff's bill of costs (#87-1) be **GRANTED** in part
26 and **DENIED** in part. Plaintiff is entitled to $278.36 in costs. Plaintiff's bill of costs is denied in
27
28

1  all other respects.[3]

2  **IT IS FURTHER ORDERED** that plaintiff's emergency motion for order (#90) is

3  **DENIED**. Defendants are to pay plaintiff all monies due in the lawsuit in accordance with the order

4  set forth above.

5  **IT IS FURTHER ORDERED** that plaintiff's motion to strike defendants' errata (#101) is

6  **DENIED**.

7  **IT IS FURTHER ORDERED** that plaintiff's motion for leave to supplement costs (#102)

8  is **DENIED**.

9  **IT IS FURTHER ORDERED** that plaintiff's motion for sanctions (#103) is **DENIED**.

10  **DATED**: September 22, 2010.

*[signature: Valerie P. Cooke]*

13  **UNITED STATES MAGISTRATE JUDGE**

---

28  [3] Defendants are reminded that plaintiff was awarded post-judgment interest and that amount is set forth in that order (#96).