UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| CHRISTOPHER A. JONES, | ) 3:08-cv-00537-LRH-VPC |
| Plaintiff, | ) |
| | ) ORDER |
| v. | ) |
| E.K. McDANIEL, *et al.*, | ) |
| Defendants. | ) |

Before the Court is Plaintiff Christopher Jones' ("Jones") Motion for Order to Address Residual Costs Granted on Appeal. Doc. #129.[1] Defendants filed a Response (Doc. #131), to which Jones replied (Doc. #132).

On February 5, 2011, the Court adopted the Magistrate Judge's Report and Recommendation (Doc. #110), which provided that Jones was entitled to costs in the amount of $278.36, and that the costs were to be deposited into Jones' Trust 1 Account, as opposed to his Trust 2 Account. Doc. #115. After Jones appealed, the Ninth Circuit Court of Appeals determined that Jones was entitled to $667.87 in costs. Doc. #124 at 2. Defendants acknowledge that having already received $278.36, Jones is entitled to the balance of $384.51. Doc. #131 at 2. However, Jones requests that this sum be deposited into his Trust 2 Account, rather than his Trust 1 account. Doc. #129 at 1.

Jones' request that the funds be deposited into his Trust 2 account is based on Nevada Department of Corrections ("NDOC") Administrative Regulation ("AR") 258, which governs "Prisoners' Personal Property Fund." Jones argued that the regulation listed "monetary

---

[1] Refers to the Court's docket number.

settlements" and "tort claims" as examples of the types of payments that should be made to the Trust 2 Account. The Court agreed, but noted that no statute mandated that proceeds of a lawsuit be deposited into a Trust 2 Account. Doc. #110 at 5. The court noted that Nevada Revised Statute § 209.241 orders the NDOC to deposit funds in the "Prisoners' Personal Property Fund" but did not specify any particular method of deposit for tort claims or monetary settlements. *Id.* Noting that other statutes expressly stated when funds should be deposited in a particular account, the Court concluded that "the legislature would have expressly set forth the placement of monetary settlements and tort claims in a 'Trust 2 account' if it intended to do so." *Id.* (quoting *Tellis v. Godinez*, 5 F.3d 1314, 1317 (9th Cir. 1993)).

The Court again finds that it was not clearly erroneous or contrary to law for the Magistrate Judge to decline to order that the NDOC deposit the funds owed to Jones in a particular account. *See* 28 U.S.C. § 636(b)(1)(A) (finding that a district judge may reconsider a magistrate judge's pre-trial order only if it is "clearly erroneous or contrary to law"). Additionally, in affirming the Court's denial of Jones' request to place funds in the Trust 2 Account, the Ninth Circuit stated that under Nevada law, "the district court's authority to execute the judgment ends once it forwards the money to Jones." Doc. #124 at 2 (citing Nev. Rev. Stat. § 176.278(3)). The Court takes this to mean that it does not have the authority to order the NDOC to deposit funds owed to Jones into a particular account. Accordingly, the Court grants Jones' Motion to Address Residual Costs in part, but declines to order the NDOC to deposit funds into Jones' Trust 2 Account.

IT IS THEREFORE ORDERED that Jones' Motion to Address Residual Costs (Doc. #129) is GRANTED in part. Defendants shall deposit the remaining $384.51 to which Jones is entitled into his account, but the Court declines to order Defendants to deposit this sum into any particular account.

IT IS SO ORDERED.

DATED this 2nd day of November, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE